IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01661-LTB-KLM

ESTATE OF DAVID RANCE ROSSITER, by Charles Rossiter and Erin Rossiter as Co-Personal Representatives,
CHARLES ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter, and
ERIN ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, COLORADO,
SHERIFF GRAYSON ROBINSON, in his individual and official capacity, and
OFFICER DANIEL JOSEPH MONTANA, JR., in his individual and official capacity,

      Defendant(s).

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Daniel Joseph Montana, Jr.'s **Motion to Compel Discovery** [Docket No. 34; Filed April 7, 2009] (the "Motion").  Plaintiffs filed a Response on April 30, 2009 [Docket No. 41], and Defendant Montana filed a Reply on May 28, 2009 [Docket No. 50].  The Motion has been fully briefed and is ripe for resolution.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** for the reasons set forth below.

This is a 42 U.S.C. § 1983 excessive force and wrongful death action filed by the estate and family of the deceased, David Rossiter.  *See Complaint* [#1] at 1-2.  The circumstances leading to Mr. Rossiter's death, and the complicity of the decedent and

Defendants, are hotly contested by the parties.  Briefly, Mr. Rossiter was a passenger in a vehicle.  *Id.* at 3.  The vehicle's driver, Michael Hunter, threw a lit cigarette butt out of the window in the direction of a vehicle driven by off-duty deputy sheriff Defendant Montana. *Id.* at 4.  Defendant Montana exited his vehicle when both vehicles were at a stop light to confront Mr. Rossiter and Mr. Hunter.  *Id.*  Defendant Montana was not in uniform.  *Id.*  The parties dispute whether Defendant Montana, Mr. Rossiter, or Mr. Hunter escalated the incident to a physical confrontation.  What is not in dispute is that after punches were thrown between Defendant Montana and Mr. Rossiter, Defendant Montana took a handgun from his fanny pack and shot Mr. Rossiter.  *Id.* at 5.  Mr. Rossiter died from the wound.

In the course of discovery, Defendant Montana propounded several interrogatories and discovery requests to Plaintiffs.  Although Plaintiffs responded and twice provided supplemental responses, Defendant Montana contends Plaintiffs have failed to adequately respond to Interrogatory No. 1 (related to Mr. Rossiter's criminal history); Interrogatory No. 2 and Request for Production No. 3 (related to Mr. Rossiter's employment history and records); Interrogatory No. 3 and Request for Production No. 6 (related to Mr. Rossiter's medical history); and Request for Production No. 2 (related to Mr. Rossiter's tax returns and W-2 forms).  In addition, Defendant Montana contends that none of Plaintiffs' interrogatory responses are signed.

After the Motion was filed, Plaintiffs supplemented their responses for a third time. Plaintiffs contend that they have sufficiently answered Interrogatory No. 1 by informing Defendant Montana that they have no information responsive to the request, except for one DUI misdemeanor conviction which Plaintiffs do not believe to be relevant and about which Defendant Montana already has knowledge.  *Response* [#41] at 4-6.  Plaintiffs contend that

they have submitted every employment record responsive to Interrogatory No. 2 and Request for Production 3 within their custody and control and have contacted Mr. Rossiter's former employers to attempt to obtain other records. *Id.* at 6-8. Plaintiffs argue that a physician-patient privilege applies to Mr. Rossiter's medical records called for by Interrogatory No. 3 and Request for Production No. 6 and that those records are therefore not subject to production. *Id.* at 8-11. Further, Plaintiffs argue that they have fully complied with Request for Production No. 2 related to Mr. Rossiter's tax history. To the extent that the W-2s produced by Plaintiffs were not signed by Mr. Rossiter, Plaintiffs have now provided Defendant Montana with a release to obtain the signed documents from the IRS. *Id.* at 11. Finally, Plaintiffs contend the interrogatory responses have now been verified. Plaintiffs seek their fees and expenses in responding to the Motion. *Id.* at 11-12.

In his Reply, Defendant Montana contends that Plaintiffs' third supplementation of their responses does not remedy their defect with respect to Interrogatory No. 1 (criminal history). *Reply* [#50] at 2-4. The also argue that the responses to Interrogatory No. 2 and Request for Production No. 3 (employment history) remain insufficient. *Id.* at 4. With respect to Interrogatory No. 3 and Request for Production No. 6 (medical records), Defendants argue that Mr. Rossiter's medical records are relevant to his life expectancy and such records are not privileged under federal law. *Id.* at 5-7. Defendant Montana appears to concede that Plaintiffs have now complied with Request for Production No. 2 and provided verified interrogatories. Regardless, Defendant Montana contends that he is entitled to his fees and expenses in bringing the Motion. *Id.* at 7.

As a preliminary matter, Plaintiffs contend that Defendant Montana failed to meaningfully comply with his duty to confer pursuant to D.C. Colo. L. Civ. R. 7.1(A)

regarding at least a portion of the Motion.  In order to expedite resolution of discovery disputes and to attempt to minimize the costs involved in such disputes,

IT IS HEREBY **ORDERED that no opposed discovery motions shall be filed with the Court until the parties comply with D.C. Colo. L. Civ. R. 7.1(A).  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any future contested discovery motions are filed with the Court.  Any discovery motion which is filed without following these prescribed steps <u>will be summarily stricken</u>.**

Regardless of whether Defendant Montana adequately conferred, the Court resolves the Motion on its merits.  Before I do so, however, I note that since the filing of the Motion, the discovery dispute has narrowed to Plaintiffs' production of Mr. Rossiter's criminal, employment, and medical histories.

A.      **Criminal History – Interrogatory No. 1**[1]

The dispute at issue here is the completeness of Plaintiffs' response to Defendant Montana's request for a complete criminal history of Mr. Rossiter.  In Plaintiffs' Response, they argue that Mr. Rossiter has never been convicted of a crime, excluding one misdemeanor.  *Response* [#41] at 4-6.  They contend that misdemeanors are not admissible character evidence, are subject to exclusion pursuant to Fed. R. Evid. 403, 404 & 609, and are therefore inadmissible.  *Id.* at 5-6.  Finally, they contend that "[i]t is difficult

---

[1] Interrogatory No. 1 states:  "For any crime for which David Rossiter entered a plea of guilty, *nolo contendere*, and/or was convicted, please provide the following information: (a) Date of the incident; (b) Date of conviction; (c) Jurisdiction/court; (d) Case number; and (e) Charge and sentence" [Docket No. 34-4 at 5].

to understand how this misdemeanor is relevant to demonstrate the requisite intent of David Rossiter necessary to justify Defendant Montana's defense that deadly force was necessary that evening he shot and killed David Rossiter." *Id.* The Court addresses each contention separately.

First, to the extent that Plaintiffs contend that the term "crime" is vague or that somehow it can be read to be limited to felonies, there is no support for such a strained interpretation and the Court rejects it.  According to the *American Heritage Dictionary of the English Language* (4th ed. 2000), "crime" means "an act committed or omitted in violation of a law forbidding or commanding it and for which punishment is imposed upon conviction."  Second, to the extent that Plaintiffs contend they should not have to turn over any misdemeanor evidence because it may ultimately be inadmissible at trial, they misperceive the appropriate test for whether evidence is discoverable.  As long as the evidence is relevant to a party's claim or defense, it "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 111-13 & nn.31-33 (2d. ed. 1994).[2]

Third, the heart of this issue is whether Mr. Rossiter's criminal records are relevant

---

[2] Plaintiffs' reliance on the Federal Rules of Evidence is not particularly helpful in addressing this issue.  Those rules deal with the ultimate admissibility of the evidence, not the right to discover that evidence in the first instance.  While the evidence sought to be discovered must be calculated to lead to admissible evidence, the discovery standard is broader than the standard utilized when determining whether the evidence discovered is ultimately admissible. *See* 8 Wright et al., § 2008, at 99-100.

to any party's claim or defense.  If this information is relevant, it is subject to production.  *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).  Here, the Court can envision a use for such information in discovery and later at trial.  For instance, evidence of other crimes may lead to discovery of certain information that may be admissible to prove motive, intent, absence of mistake or accident, knowledge, etc.  *See* Fed. R. Civ. P. 404(b).  To the extent that Plaintiff argues that Mr. Rossiter's previous dealings with police are not relevant here, the 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 26 address the scope of discoverable information and recognize that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action.  For example, other incidents of the same type or involving the same conduct, could be properly discoverable under the revised standard."  *See, e.g.*, *Cornelius v. Consol. Rail Corp.*, 169 F.R.D. 250, 251-52 (N.D.N.Y. 1996) (evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissable at trial).  Whether such evidence is likely to be excluded as overly prejudicial is not before the Court at this time, and I need only determine that discovery derived from this request is relevant and may lead to admissible evidence.  Because I find that the information is arguably relevant and likely to lead to admissible evidence, it is subject to production with no exception for misdemeanors.  In this regard, the Motion is **granted**.

     **B.**     **Employment History – Interrogatory No. 2 and Request for Production No. 3**[3]

---

[3] Interrogatory No. 2 states:  "IDENTIFY by name, ADDRESS and telephone number all employers of David Rossiter from 2002 through date of death" [Docket No. 34-4 at 5].

The dispute here centers around the completeness of Plaintiffs' responses regarding Mr. Rossiter's employment history and records.  Plaintiffs contend that they have provided the known list of Mr. Rossiter's employers and every employment record in their possession or obtained by Plaintiffs from his former employers.  *Response* [#41] at 6-7.  Plaintiffs continue to seek additional information and "will provide copies to Defendants" should new information become available.  *Id.* at 7.  Defendant Montana argues that regardless of whether these documents are in Plaintiffs' possession, they are "generally deemed to have control of [them] if [Plaintiffs' have] the legal right to obtain the documents requested upon demand."  *Reply* [#50] at 4.

On balance, I agree with Defendant Montana.  As a preliminary matter, it does not appear that Defendant Montana takes issue with the completeness of Plaintiffs' responses to Interrogatory No. 2.  Plaintiffs contend, and I accept, that they have provided a complete list of Mr. Rossiter's employers in response to this interrogatory.  Rather, the dispute centers around the completeness of the documents called for pursuant to Request for Production 3.  I note that while Plaintiffs have attempted to obtain documents from Mr. Rossiter's employers to produce to Defendant in response to this request, the production is admittedly incomplete and Plaintiffs have not executed a release to enable Defendant to obtain them without further delay.  Pursuant to Request for Production 3, Defendant tendered a proposed release for Plaintiffs to sign authorizing Mr. Rossiter's former employers to release his employment records to Defendant.  The Court finds that Plaintiffs

---

Request for Production No. 3 states:  "Produce . . . [e]mployment records of David Rossiter for the years 2002 through date of death.  (In lieu of this request for production of documents, please execute attached release for employment records)" [Docket No. 34-4 at 6].

failure to execute such release is unjustified and orders Plaintiffs to do so now.  In this regard, the Motion is **granted** as to Request for Production 3 but **denied** as to Interrogatory No. 2.

   **C.     Medical History – Interrogatory No. 3 and Request for Production No. 6**[4]

   The dispute here centers around whether Mr. Rossiter's medical records are relevant to this action or are otherwise privileged.  Defendant Montana argues that "Plaintiffs have waived and Defendant is entitled to medical records evidencing the decedent's health, age and physical condition, all of which pertain to his life expectancy." *Reply* [#50] at 5-6.

   Whether the records are relevant is a broad determination, the goal of which is to allow the parties to discover whatever is necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas*, 232 F.R.D. at 382 ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)).  In addition, as noted above,  "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the

---

[4] Interrogatory No. 3 states:  "IDENTIFY by name, ADDRESS and telephone number all medical or mental health providers who provided treatment or evaluation to David Rossiter from 2002 through date of death" [Docket No. 34-4 at 5].

Request for Production No. 6 states:  "Produce . . . [m]edical and/or mental health records for David Rossiter for the years 2002 through date of death.  (In lieu of this request for production of documents, please execute the attached release for health records)" [Docket No. 34-4 at 6].

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

Pursuant to their federal and state law claims, Plaintiffs seek damages for the death of Mr. Rossiter, which are typically "based, [in part], upon the probable duration of the victim's life had the injury not occurred." *Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990) (noting that similar damages are available for a § 1983 claim and a state law wrongful death claim). For instance, proof of life expectancy is impacted by, among other things, "the decedent's health, age and physical condition." *See* 3 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions: Civil* § 128.30, at 448 (5th ed. 2000); *see also Allen v. United States*, 588 F. Supp. 247, 444 (D. Utah 1984), *rev'd on other grounds by* 816 F.2d 1417 (10th Cir. 1987) (noting that the scope of damages recoverable in a wrongful death action include a consideration of mental and physical health at the time of death, habits, and probable length of life). Given the preference for broad discovery, I find that Mr. Rossiter's medical records, particularly the state of his health prior to his death, are relevant to the issue of his life expectancy. *See generally Boyd v. City & County of San Francisco*, No. C-04-5459 MMC (JCS), 2006 WL 1390423, at *4 (N.D. Cal. May 18, 2006) (unpublished decision) (noting the decedent's medical records are relevant both to his excessive force claim and to wrongful death claim). Further, I find it likely that discovery of Mr. Rossiter's medical records may lead to the discovery of other admissible evidence.

Nevertheless, the medical records may be privileged. In this Court, when federal law governs the rule of decision, federal common law, as opposed to state law, governs the existence of privilege. *See Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. Apr. 14, 2008) (unpublished decision). This case was brought in

9

this Court pursuant to 42 U.S.C. § 1983 and, therefore, federal common law governs whether the medical records are privileged. *See, e.g.*, *Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990); *Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N.D. Cal. 2003); *see also* Fed. R. Evid. 501 committee note ("[T]he Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case."); *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) ("We therefore hold that the federal law of privilege [applies in a federal question case], even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege."); *Wm. T. Thompson Co. v. Gen'l Nutrition Corp.*, 671 F.2d 100, 104 (3d Cir. 1982) (noting that when privilege issue overlaps with federal and pendent state law claims, federal rule in favor of admissibility controls); *Boyd*, 2006 WL 1390423 at *4 (noting that where records are potentially relevant to federal excessive force claim and pendent state wrongful death claim, federal privilege law applies).

There is no physician-patient privilege recognized by federal common law. *Walen v. Roe*, 429 U.S. 589, 602 n.28 (1977). "Accordingly, the court's inquiry regarding the discoverability of plaintiff's general medical records is governed by relevancy standards contained in Fed. R. Civ. P. 26 and considerations of confidentiality," but not privilege. *LeFave v. Symbios, Inc.*, No. 99-Z-1217, 2000 WL 1644154 at *2 (D. Colo. Apr. 14, 2000) (unpublished decision).[5]  I have already determined that Mr. Rossiter's medical records are

---

[5] Even if the Court were to alternatively consider whether the physician-patient privilege pursuant to state law applies, *see, e.g.*, *Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997), I note that the medical records are likely subject to disclosure under a waiver theory as they relate to Plaintiffs' claim for damages. *See Alcon v. Spicer*, 113 P.3d 735, 739 (Colo. 2005) (noting that when a party "inject[s] his physical or mental conduction into a case as the basis of a claim or an affirmative defense," the privilege is waived (citation omitted)).  Further,

relevant.  Therefore, the only remaining issue is confidentiality.  As a Protective Order is already in place in this case [Docket No. 24], I find that confidentiality concerns are sufficiently minimized.

Pursuant to Request for Production 6, Defendant tendered a proposed release for Plaintiffs to sign authorizing Mr. Rossiter's medical providers to release his medical records to Defendant.  The Court finds that Plaintiffs' failure to execute such release is unjustified and orders Plaintiffs to do so now.  In this regard, the Motion is **granted**.

IT IS FURTHER **ORDERED** that Plaintiffs shall fully respond to Interrogatory Nos. 1 and 3 on or before **June 15, 2009**.

IT IS FURTHER **ORDERED** that Plaintiffs shall execute a release for the employment records called for by Request for Production No. 3 on or before **June 12, 2009**.

IT IS FURTHER **ORDERED** that Plaintiffs shall execute a release for the medical records called for by Request for Production No. 6 on or before **June 12, 2009**.

IT IS FURTHER **ORDERED** that all medical records produced pursuant to this Order shall be deemed confidential and subject to the requirements set forth in the Protective Order.  **Each party shall bear their own costs associated with this Motion**.

This matter is also before the Court on (1) Defendant Montana's **Unopposed Motion to Seal Attachment 9 to Defendant Montana's Reply in Support of Motion to**

---

although federal law recognizes a psychotherapist-patient privilege, there is no suggestion that any of Mr. Rossiter's medical records would fall within this category.  *See Simpson*, 220 F.R.D. at 364.  In any event, the privilege can also be waived and has likely been waived here considering that the issue of Mr. Rossiter's life expectancy necessarily calls for evidence of both his physical and mental health.  *See generally id.* at 364-65.

**Compel Discovery** [Docket No. 51; Filed May 28, 2009]; (2) Defendant Montana's **Motion for Extension of Time to Submit Limited Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2)** [Docket No. 55; Filed May 29, 2009]; and (3) **Plaintiffs' Motion for Permission to File Surreply in Opposition to Defendant Montana's Motion to Compel** [Docket No. 57; Filed June 2, 2009].

IT IS HEREBY **ORDERED** that Motion No. 51 is **GRANTED**.  In accordance with D.C. Colo. L. Civ. R. 7.2, the Motion was posted to the public to allow for any objections to the sealing of the documents.  There were no timely objections filed.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall maintain Attachment 9 [Docket No. 52] UNDER SEAL.

IT IS HEREBY **ORDERED** that Motion No. 55 is **GRANTED**.  The Court extends Defendant Montana's expert disclosure deadline to **July 31, 2009** for the limited purpose of disclosing experts related to the issue of Mr. Rossiter's life expectancy.  The Court *sua sponte* extends the rebuttal expert disclosure deadline to  **August 31, 2009** for the limited purpose of disclosing rebuttal experts related to the issue of Mr. Rossiter's life expectancy. The Court *sua sponte* extends the discovery deadline for expert witnesses only to **September 15, 2009**.  Finally, the Court *sua sponte* extends the dispositive motions deadline to **October 1, 2009**.  **No extensions of these deadlines shall be permitted**.

IT IS HEREBY **ORDERED** that Motion No. 57 is **DENIED**.  Surreplies are not contemplated by the Federal or Local Rules of Civil Procedure.  The Court is adequately advised of the issues on the parties' present briefings and does not base the outcome of the Motion to Compel on new evidentiary information provided for the first time in

Defendant Montana's Reply.

Dated:  June 9, 2009

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge