IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01661-LTB-KLM

ESTATE OF DAVID RANCE ROSSITER, by Charles Rossiter and Erin Rossiter as Co-Personal Representatives,
CHARLES ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter, and
ERIN ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, COLORADO,
SHERIFF GRAYSON ROBINSON, in his individual and official capacity, and
OFFICER DANIEL JOSEPH MONTANA, JR., in his individual capacity,

      Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Psychological Mental Examination of Defendant Montana Pursuant to F.R.C.P. 35** [Docket No. 49; Filed May 28, 2009] (the "Motion").  Defendant Montana filed a Response in opposition to the Motion on June 22, 2009 [Docket No. 61].  The issue is capable of resolution on the parties' current pleadings; accordingly, no reply is necessary.  *See* D.C. Colo. L. Civ. R. 7.1(C).

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

This is a 42 U.S.C. § 1983 excessive force and wrongful death action filed by the estate and family of the deceased, David Rossiter.  *See Complaint* [#1] at 1-2.  The circumstances leading to Mr. Rossiter's death, and the complicity of the decedent and

Defendants, are hotly contested by the parties.  Briefly, Mr. Rossiter was a passenger in a vehicle.  *Id.* at 3.  The vehicle's driver, Michael Hunter, threw a lit cigarette butt out of the window in the direction of a vehicle driven by off-duty sheriff's deputy Defendant Montana.  *Id.* at 4.  Defendant Montana exited his vehicle when both vehicles were at a stop light.  *Id.*  Defendant Montana was not in uniform.  *Id.*  The parties dispute whether Defendant Montana, Mr. Rossiter, or Mr. Hunter escalated the incident to a physical confrontation.  What is not in dispute is that after punches were thrown between Defendant Montana and Mr. Rossiter, Defendant Montana took a handgun from his fanny pack and shot Mr. Rossiter.  *Id.* at 5.  Mr. Rossiter died from the wound.

Plaintiffs request a Court Order requiring Defendant Montana to submit to an Independent Medical Examination ("IME").  They argue that Defendant Montana's mental condition is at issue and that good cause exists to compel the examination.  *Motion* [#49] at 3-5.  A motion seeking permission to conduct an IME pursuant to Fed. R. Civ. P. 35 must be based on two prerequisites:  (1) the nonmovant's mental or physical condition must be "in controversy"; and (2) "good cause" for the examination must exist.

> [T]he "in controversy" and "good cause" requirements of Rule 35 would not be satisfied by conclusory allegations contained in the pleadings, or by assertions of mere relevance to the case.  Rule 35 requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*LeFave v. Symbios, Inc.*, No. Civ. A. 99-Z-1217, 2000 WL 1644154, at *4 (D. Colo. Apr. 14, 2000) (unpublished decision).

### A.     Mental Condition In Controversy

The fact that the nonmovant's mental condition may be relevant to the movants'

case does not automatically entitle the movant to conduct an IME. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). Rather, the "in controversy" standard requires something more, i.e., a separate claim of intentional infliction of emotional distress or a defense related to a mental condition, i.e., insanity. *Id.* at 119-20. The nonmovant may also place his mental condition in controversy by conceding the fact. *See LeFave*, 2000 WL 1644154, at *5.

Here, Defendant Montana does not concede that his mental condition is in controversy, nor does he assert a separate claim or defense related to his mental condition. Although he generally claims that he was fearful on the night of the shooting, this admission does not place his mental condition at issue. However, Plaintiffs also argue that Defendant Montana's mental condition is in controversy on the basis of his Answer, wherein Defendant Montana admits that co-workers have accused him of having an "anger problem." *Answer* [#13] at 5. Further, in his deposition testimony, Defendant Montana admits that he has taken Depo-testosterone for the last three to six years, a drug used to treat hypogonadism. *See Motion* [#49] at 3. Plaintiffs contend that "Defendant Montana [is] a self-described body builder" and his need for such medication was likely caused by his alleged use of illegal steroids, rather than an independent medical condition such as hypogonadism. *Id.* Defendant Montana denies the use of illegal steroids. In any event, Plaintiffs contend that Defendant Montana's suspected steroid use may have caused him to exhibit overly aggressive behavior such that, coupled with his co-workers' accusations about his anger issues, his mental condition is in controversy.[1] *Id.* at 3-5.

---

[1] Although Plaintiffs also purport to assert that Defendant Montana has placed his physical injuries from the fight in controversy, Plaintiffs seek only a mental examination. Given that Plaintiffs are not seeking a physical examination and that Defendant Montana is not asserting any damages for injuries he may have suffered on the date of the incident, his alleged

3

By contrast, Defendant Montana argues that he has done nothing to place his mental condition at issue and a controversy cannot be found merely on the basis of Plaintiffs' conclusory statements. *Response* [#61] at 2 (citing *Schlagenhauf*, 379 U.S. at 119). Further, Defendant Montana argues that any suggestion that he has taken illegal steroids in the past, prompting the need for Depo-testosterone, is completely unfounded. *Id.* at 3. In fact, Defendant Montana contends that his "medical records clearly indicate that he was prescribed therapeutic testosterone treatment by his primary care physician for middle-age low testosterone levels." *Id.* Because the "in controversy" factor coincides with the "good cause" requirement, the Court analyzes the remainder of the Motion pursuant to that standard.

### B. Good cause

Rule 35 applies equally to plaintiffs and defendants. *Schlagenhauf*, 379 U.S. at 114. However, good cause must be provided to require any party to be subjected to an IME. "The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired [discovery is] relevant." *Id.* at 118 (citation omitted). In this way, the "good cause requirement is not a mere formality . . . [and may] not [be] met by mere conclusory allegations of the pleadings – nor by mere relevance to the case." *Id.* Therefore, good cause can be shown where a defendant "asserts his mental or physical condition as a defense to a claim," but cannot be established where "[h]is condition was sought to be placed at issue by other parties." *Id.* at 119-20.

---

physical injuries are not relevant to this issue.

Plaintiffs' citation to the record fails to provide good cause to conduct an IME of Defendant Montana. Plaintiffs' allegation that the Court should assume Defendant Montana's use of medication for low testosterone levels suggests that he was a past user of illegal steroids and therefore prone to aggressive tendencies has extremely limited support in the record. The only potential support for the proposition that Defendant Montana may have a clinically-recognized anger management issue is his admission that co-workers have told him that he has anger problems. There is no indication that Plaintiffs have deposed Defendant Montana's co-workers, nor any suggestion that his co-workers are medical experts or that any medical expert has diagnosed Defendant Montana as having a psychological condition. Further, I find that Defendant Montana has not placed any alleged mental condition at issue on the basis of the record before me. Plaintiffs' attempt to elevate Defendant Montana's mental condition into a case-dispositive issue without compelling support from the record does not change the fact that his condition, while perhaps relevant, has not been placed in controversy by Defendant Montana. Accordingly, I find that Plaintiffs have failed to provide good cause for the Court to compel Defendant Montana to submit to an IME. Each party shall bear his own costs associated with litigating this Motion.

Dated: June 30, 2009

BY THE COURT:

  s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix