IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01661-LTB-KLM

ESTATE OF DAVID RANCE ROSSITER, by Charles Rossiter and Erin Rossiter as Co-Personal Representatives,
CHARLES ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter, and
ERIN ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY, COLORADO,
SHERIFF GRAYSON ROBINSON, in his individual and official capacity, and
OFFICER DANIEL JOSEPH MONTANA, JR., in his individual and official capacity,

      Defendant(s).
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendants' Motion to Compel Deposition Testimony** [Docket No. 68; Filed July 22, 2009]. Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i), Defendants seek an order compelling a third-party witness, Michael David Hunter, to provide testimony called for by Rule 30. Mr. Hunter was also served with a subpoena for testimony issued pursuant to Rule 45. However, I note that Defendants failed to certify that they made a good-faith effort to confer with Mr. Hunter in an attempt to obtain the testimony prior to seeking Court involvement as required by Fed. R. Civ. P. 37(a)(1).[1] *See generally* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 at 394-

---

[1] The Motion also did not initially indicate that notice of its filing had been given to Mr. Hunter. On July 23, 2009, Defendants separately filed a certificate of service of the Motion on Mr. Hunter [Docket No. 69].

95 & n.12 (3d ed. 2008).

IT IS HEREBY **ORDERED** that the Motion is **DENIED without prejudice**. In compliance with Fed. R. Civ. P. 37(a)(1), Plaintiff may resubmit the Motion after conferring with Mr. Hunter or his attorney, if any,[2] regarding his alleged unreasonable failure to provide certain testimony during his deposition. The Motion shall also contain a certificate of service evidencing its service on Mr. Hunter or his attorney.

Dated:  July 24, 2009

---

[2] The Court notes that in the deposition testimony cited by Defendants, Mr. Hunter frequently indicated that he was represented by counsel and that counsel had instructed him not to answer certain questions. Defendants should make a good-faith effort to determine the identity of Mr. Hunter's counsel and confer and provide notice to counsel, as opposed to Mr. Hunter, if appropriate.