IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE LEWIS T. BABCOCK

_____

Courtroom Deputy: LaDonne Bush          Date:  March 5, 2010
Court Reporter:    Gwen Daniel

_____

Civil Action No. 08-cv-01661-LTB-KLM          Counsel:

ESTATE OF DAVID RANCE ROSSITER, by          Fred Paoli
Charles Rossiter and Erin Rossiter as Co-
Personal Representatives,
CHARLES ROSSITER, as Parent and Co-
Personal Representative of the Estate of David
Rance Rossiter, and
ERIN ROSSITER, as Parent and Co-Personal
Representative of the Estate of David Rance
Rossiter,

        Plaintiffs,
v.

SHERIFF GRAYSON ROBINSON, in his          Thomas Rice
individual and official capacity, and          Gillian Fahlsing
OFFICER DANIEL JOSEPH MONTANA, JR.,          Edward Caswell
in his individual and official capacity,

        Defendants.

_____

COURTROOM MINUTES
_____

Hearing on Motions

9:04 a.m.     Court in session.

Argument by Mr. Paoli on Motion in Limine (Doc. 85).

Argument by Mr. Rice.

Rebuttal argument by Mr. Paoli.

Court finds and concludes, among other things, that: (1) the medical records from the Southwest Chemical Dependency Program were generated as a result of a DUI and, thus, they are inextricably intertwined or related one to the other; (2) the plaintiff waived any privilege under 42 U.S.C. § 209dd-2 as to the medical records from the Southwest Chemical Dependency Program; and (3) while the incidents at the bars in Montana may have some probative value, any such probative value is substantially outweighed by considerations of undue delay and waste of time, or needless presentation of cumulative evidence.

**ORDERED**:    Regarding the Motion In Limine to Preclude Evidence of: David Rossiter's Medical Records from Southwest Chemical Dependency Program; DUI Conviction; Incident at the Sump Saloon in 2006; and Incident at the Bale of Hay Saloon in 2007, and Testimony Based on Those Records (Doc.85):

1.    as to the medical records from the Southwest Chemical Dependency Program and the DUI conviction, the motion is denied unconditionally with regard to 42 U.S.C. § 209dd-2 and denied conditionally with regard to the relevance issue; and

2.    as to the incident at the Sump Saloon in 2006 and incident at the Bale of Hay Saloon in 2007, the motion is granted unconditionally.

9:56 a.m.    Argument by Mr. Paoli on Plaintiffs' Daubert Motion (D. 109).

10:10 a.m.    Court in recess.
10:10 a.m.    Court in session.

Argument by Ms. Fahlsing.

10:13 a.m.    Defendants' witness, Jonathan I. Ritvo, sworn.

Exhibit A is admitted for purposes of this hearing.

Direct examination of Dr. Ritvo by Ms. Fahlsing.

10:52 a.m.    Cross examination by Mr. Paoli.

11:37 a.m.    Redirect examination by Ms. Fahlsing.

11:38 a.m.    Argument by Mr. Paoli.

11:41 a.m.    Argument by Ms. Fahlsing.

Court's findings and conclusions.

**ORDERED**:    Regarding Plaintiffs' *Daubert* Motion to Exclude Opinions and Testimony of Jonathan I. Ritvo, M.D. (Doc. 109):

> 1.    the motion is unconditionally denied as to opinion 1, Mr. Rossiter suffered from alcohol dependence;
>
> 2.    the motion is unconditionally denied as to opinion 2, as a result of suffering from alcohol dependence, Mr. Rossiter would have a reduction in life expectancy;
>
> 3.    the motion is unconditionally denied as to opinion 3, Mr. Rossiter was intoxicated with alcohol at the time of the altercation with Mr. Montana;
>
> 4.    the motion is unconditionally granted as to opinion 4, Mr. Rossiter's intoxication at the time of the altercation was sufficient to impair his judgment and to alter his emotional behavioral responses; and
>
> 5.    the motion is conditionally denied as to issue 5, Mr. Rossiter's aggressive behavior on the night of November 2, 2007, was caused by alcohol intoxication in the context of alcohol dependence.

12:05 p.m.    Court in recess.

Hearing concluded.
Time: 2:51