**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  08-cv-01661-LTB-KLM

ESTATE OF DAVID RANCE ROSSITER, by Charles Rossiter and Erin Rossiter as Co-Personal Representatives,
CHARLES ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter, and
ERIN ROSSITER, as Parent and Co-Personal Representative of the Estate of David Rance Rossiter,

        Plaintiffs,

v.

SHERIFF GRAYSON ROBINSON, in his individual and official capacity, and
OFFICER DANIEL JOSEPH MONTANA, JR., in his individual and official capacity,

        Defendants.
_____

ORDER
_____

THIS MATTER is before the Court on the following motions: Plaintiffs' Motion in Limine to Preclude Evidence of: David Rossiter's Medical Records From Southwest Chemical Dependency Program; DUI Conviction; Incident at the Sump Saloon in 2006; and Incident at the Bale of Hay Saloon in 2007, and Testimony Based on Those Records, filed October 7, 2009 (docket # 85); and Plaintiffs' Daubert Motion to Exclude the Opinions of Dr. Jonathan Ritvo M.D (docket #109).  On March 5, 2010 at 9:00 a.m., I heard arguments on the motions listed above.  For the reasons stated on the record, I hereby

ORDER Plaintiffs' Motion in Limine to Preclude Evidence of: David Rossiter's Medical Records From Southwest Chemical Dependency Program; DUI Conviction;

Incident at the Sump Saloon in 2006; and Incident at the Bale of Hay Saloon in 2007, and Testimony Based on Those Records, filed October 7, 2009 (docket # 85) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is

DENIED UNCONDITIONALLY as to the disclosure of David Rossiter's Medical Records From Southwest Chemical Dependency Program and DUI Conviction; it is

GRANTED UNCONDITIONALLY as to the Incident at the Sump Saloon in 2006; and Incident at the Bale of Hay Saloon in 2007; it is

DENIED CONDITIONALLY as the relevancy of David Rossiter's Medical Records From Southwest Chemical Dependency Program as to health, age, habit, and physical condition.  It is

FURTHER ORDERED that Plaintiffs' Daubert Motion to Exclude the Opinions of Dr. Jonathan Ritvo M.D (docket #109) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is

DENIED UNCONDITIONALLY as to Dr Ritvo's opinion regarding whether David Rossiter suffered from alcohol dependence; it is

DENIED UNCONDITIONALLY as to Dr. Ritvo's opinion regarding whether as a result from suffering from alcohol dependence, Mr. Rossiter would have a reduced life expectancy; it is

DENIED UNCONDITIONALLY as to Dr. Ritvo's opinion regarding whether Mr. Rossiter was intoxicated with alcohol at the time of the altercation with Mr. Montana; it is

GRANTED UNCONDITIONALLY as to Dr. Ritvo's opinion regarding whether Mr.

Rossiter's intoxication at the time of the altercation was sufficient to impair his judgment,

and to alter his emotional and behavioral responses; it is

DENIED CONDITIONALLY as to Dr. Ritvo's opinion regarding whether Mr.

Rossiter's aggressive behavior on the night of November 2, 2007 was caused by

alcohol intoxication in the context of alcohol dependence.

Dated: March 8, 2010

BY THE COURT:


  s/Lewis T. Babcock
Lewis T. Babcock, Judge